Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 0004 | **DATE** | 3/31/2003 |
| **CASE TITLE** | Gordon Anderson, Crystal Anderson vs. City of Chicago, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motions to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, Defendant City of Chicago's Motion to Dismiss [Doc. 54] is granted in part and denied in part and Defendant Officers Motion to Dismiss [Doc.60] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 3 1 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 63 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | | |
| | jar/lc | courtroom deputy's initials | 03 MAR 31 PM 1:48 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
**MAR 3 1 2003**

| | |
|---|---|
| **GORDON ANDERSON** ) | |
| **CRYSTAL ANDERSON** ) | |
| Plaintiffs, ) | |
| ) | No. 99 C 0004 |
| v. ) | |
| ) | HONORABLE DAVID H. COAR |
| **CITY OF CHICAGO, et al** ) | |
| ) | |
| Defendants, ) | |

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated herein, Defendant City of Chicago's Motion is granted as to Count I and denied as to Count II and Defendant Police Officers' Motion is denied.

### FACTUAL AND PROCEDURAL BACKGROUND

The facts of this matter are set forth below. On January 31, 1998, Defendant Officers Jesse Eng, Janine Hermonn, Mark George, Joseph Gawlick, James Tarara and Michael Rice ("Officers" or "Defendant Officers"), acting without a warrant, entered the home of Plaintiffs Gordon and Crystal Anderson, seized Gordon Anderson's antique firearm collection, and arrested him. The search, seizure and arrest were predicated on a report from Plaintiffs neighbor, Mr. Dane Placko, that Plaintiff Gordon Anderson had

1



verbally assaulted him on December 21, 1997.[1] Gordon Anderson was subsequently charged with assault and thirty-two counts of violating Municipal Ordinance 8-20-040 for possession of thirty-two firearms that were not registered with the City of Chicago. On December 9, 1998, a jury found Gordon Anderson not guilty of the assault charge.

On January 4, 1999, with the ordinance violation charges not yet resolved, Gordon and Crystal Anderson filed a pro se complaint in this Court pursuant to 42 U.S.C. §1983 alleging that the Officers conspired to violate and did violate their civil rights. On June 5, 2001, representatives of the City of Chicago notified Gordon Anderson that the antique firearms collection seized from his home had been destroyed on June 8, 2000. On February 21, 2002, in the matter of People of the State of Illinois v. Gordon Anderson, 98 MC1208965, Gordon Anderson was found not guilty of eleven ordinance violations charges and guilty of twenty such charges, with the remaining charge withdrawn.

On July 8, 2002, Gordon and Crystal Anderson filed a Second Amended Complaint, naming for the first time the City of Chicago ("City") as a Defendant. Both the City and the Officers filed motions to dismiss for failure to state a claim. Those motions have been fully briefed and the Court's opinion on the motions is set forth below.

## LEGAL STANDARD

When considering a motion to dismiss, the Court shall accept all factual allegations in the complaint as true and draw all reasonable inferences from these facts in favor of the plaintiff. Arazie v. Mullane, 2 F.3d 1456, 1465 (7th Cir. 1993). The Court

---

[1] Mr. Placko was originally named as a defendant in this lawsuit. The complaint against him was dismissed by order of this court on February 29, 2000. See Mem. Op. of Feb. 29, 2000.

reads pro se complaints more generously than complaints drafted by attorneys. McCormick v. City of Chicago, 230 F.3d 319, 325 (7th Cir. 2000) ("pro se complaints are to be liberally construed and not held to the stringent standards expected of pleadings drafted by lawyers"). Consequently, a pro se civil rights complaint shall only be dismissed pursuant to the Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim "if it is beyond doubt that there is no set of facts under which the plaintiff could obtain relief." Id. (citing Shango v. Jurich, 681 F.2d 1091, 1103 (7th Cir. 1982); see also Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001). This is particularly important in this case, where neither count of Plaintiffs' pro se Second Amended Complaint ("Complaint") makes a straightforward presentation of legal claims.

## DISCUSSION

### I. COUNT I OF PLAINTIFFS' COMPLAINT

Count I of Plaintiff's Complaint purports to state claims against the City and against the Officers, as well as a claim of conspiracy. The Court will address the claims against the City, the Claims against the Officers, and the conspiracy claim in the foregoing sequence.

#### A. Claims against the City

Count I of Plaintiffs' Complaint seeks to assert two claims against the City: a claim of unreasonable search and seizure based on the acts of the Defendant Officers and a claim that appears to allege wrongful prosecution of Gordon Anderson for violation of city firearm ordinances. For the reasons stated below, the City's Motion to Dismiss Plaintiffs' Complaint is granted as to both of these claims arguably presented in Count I.

3

Plaintiffs' Fourth Amendment claim against the City is foreclosed by the Supreme Court's decision in Monell v. Dep't of Social Services, 436 U.S. 658 (1978). Monell made it clear that a plaintiff cannot state a Section 1983 claim against a municipality under the theory of respondeat superior; a municipality may only be sued directly under Section 1983 if the violation occurred pursuant to an official government policy.[2] Id. at 691; see also White v. City of Markham, 310 F.3d. 989, 997–98 (7th Cir. 2002). Plaintiffs do not allege any custom or policy of the City to be the proximate cause of their alleged constitutional injuries. Furthermore, Plaintiffs do not assert that the City authorized the Officers to enter Plaintiffs' home without a warrant, that the City agreed to participate in a conspiracy to deprive Plaintiffs of their civil rights, or that the City has a custom or policy permitting warrantless searches, seizures and arrests in suspects' homes. Therefore, Plaintiffs' Fourth Amendment claim against the City for the actions of its Officers must be dismissed.

Gordon Anderson's wrongful prosecution claim against the City must also be dismissed for several reasons. Gordon Anderson alleges that the City brought charges of ordinance violations against him "well-knowing that the city ordinances were not intended to regulate or license antique weapons collections of anything." (Compl. ¶ 15.) First, the City would again benefit from Monell's rule against vicarious liability as to the alleged wrongful prosecution. The Complaint contains no allegations that the City has a custom or policy of pursuing wrongful prosecutions against antique firearms collectors

---

[2] "Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where…the action that is alleged to be unconstitutional implements or executes a policy, statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers." Monell v. Dep't Social Services, 436 U.S. at 690.

4

(or any other class of potential ordinance violators), consequently the only viable claim for wrongful prosecution would lie against the prosecutor who brought the charges.

If Gordon Anderson had sought to sue the prosecutor (which he did not), the Complaint would be dismissed under the prosecutorial immunity doctrine. Prosecutors are immune from liability under § 1983 "for their conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" Houston v. Partee, 978 F.2d 362, 365 (7th Cir. 1992) (citing Burns v. Reed, 500 U.S. 478, 486 (1991) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-431(1976))). The purpose of prosecutorial immunity is to "free the judicial process from the harassment and intimidation associated with frivolous litigation." Anderson v. Simon, 217 F.3d 472 (7th Cir. 2000) (quoting Imbler, 424 U.S. at 431). The ordinance violation charges against Gordon Anderson fall squarely within the boundaries of conduct for which prosecutors are immune from suit.

Finally, notwithstanding prosecutorial immunity, the decision to bring charges against Gordon Anderson for possessing unregistered firearms could not be considered "wrongful" under the facts alleged in the Complaint. An assertion that the ordinance was not intended to govern antique firearm collections such as his may, perhaps, have been a viable defense to the charges, but it would not preclude the charge from being properly brought against him. Therefore, any claim against the City in Count I for wrongful prosecution is dismissed. To the extent that Count I contains allegations relating to the destruction of the firearms, those allegations will be treated along with Count II below.

## B. Claim against Defendant Officers

Count I of Plaintiffs' Complaint alleges that Defendant Officers violated both Gordon and Crystal Anderson's rights under the Fourth Amendment. In order to state a claim under 42 U.S.C. §1983, a plaintiff must allege only two elements: "(1) that some person has deprived him of a federal right and (2) that the person who has deprived him of the right acted under the color of state law." Alvarado v. Litscher, 267 F.3d 648, 651 (7th Circ. 2001) (quoting Gomez v. Toledo, 446 U.S. 635, 640 (1980)). In this case, there is no dispute as to the second element; the Defendant Officers were acting under color of state law at all pertinent times. The federal rights allegedly violated are Plaintiffs' rights under the Fourth Amendment.

The Fourth Amendment guarantees the right of people to be secure in their houses from unreasonable searches and seizures. U.S. Const. amend. IV. To state a claim under the Fourth Amendment, a plaintiff must allege (1) that the officers' conduct constituted a search or seizure and (2) that the search or seizure was "unreasonable." White v. City of Markham, 310 F.3d 989, 993 (7th Cir. 2002) (citing Kernats v. O'Sullivan, 35 F.3d 1171, 1177 (7th Cir. 1994); Donovan v. City of Milwaukee, 17 F.3d 944, 948 (7th Cir. 1994)).

Based on the allegations in the complaint, there can be little question that the officers conducted a search and a seizure in this case: they entered Plaintiffs' home, arrested Gordon Anderson, and seized his antique firearm collection. The only real question then, is whether the complaint contains sufficient allegations that the search and seizure were unreasonable. For their actions to be reasonable, the Defendant Officers were required to have probable cause and a warrant. See United States v. Basinski, 226 F.3d 829, 833 (7th Cir. 2000) ("A search is generally considerd unreasonable unless the

government obtains a warrant issued upon probable cause."); see also Katz v. United States, 389 U.S. 347, 357 (1967). It is well established that "'search[es] and seizures inside a home, without a warrant, are presumptively unreasonable.'" United States v. Marshall, 157 F.3d 477, 481 (7th Cir. 1998) (quoting Payton v. New York, 445 U.S. 573, 586 (1980)). Plaintiffs' Complaint alleges that the Officers entered their home, arrested Gordon Anderson and seized his antique firearm collection without a warrant or probable cause. (Compl. ¶¶ 6, 7, 13.) It is entirely possible, of course, that the evidence may show either that the police had a warrant or that an exception to the warrant requirement pertains in this case or both. At this stage, however, the Court limits its inquiry to the well-pleaded allegations in the Complaint.

Defendants argue that the Complaint fails to state a claim against Crystal Anderson. They argue that subjecting Crystal Anderson to "mental abuse, fright and serious concern for her diabetic father's health" would not be sufficient to state a claim. (Compl. ¶ 8.) If that were the only allegation relating to Crystal Anderson in the complaint, Defendants would be correct. Contrary to Defendants' assertions, Crystal Anderson's claim of injury does not rest on her status as a bystander to both the arrest of her father and the seizure of his firearms collection. Gora v. Costa, 971 F.2d 1325, 1328 (7th Cir. 1992). Rather, the Complaint alleges that the Officers personally deprived her of her civil rights when they entered her home without a warrant and probable cause. (Compl. ¶ 8.)

The Fourth Amendment protection against unreasonable search and seizure is defined by society's conception of an individual's "reasonable expectation of privacy." United States v Jones, 152 F.3d 680, 686 (7th Cir.1998) (quoting Katz, 389 U.S. at 360)

(Harlan, J., concurring)). A reasonable expectation of privacy exists, under the Fourth Amendment, when "(1) the complainant exhibits an actual, subjective expectation of privacy and (2) the expectation is one that society is prepared to recognize as reasonable." United States v. Ruth, 65 F.3d 599, 604 (7th Cir. 1995)(citing United States v. Myers, 46 F.3d 668, 669 (7th Cir. 1995)). Crystal Anderson certainly had a reasonable expectation of privacy in her own home.

While the violation of her Fourth Amendment rights may have incurred less damages than her father's claim, it is the objectively unreasonable search itself, without regard to the severity of the injury, that states a claim under Section 1983. See Herzog v. Village of Winnetka, Illinois, 309 F.3d 1041, 1043 (7th Cir. 2002) ("The objectively unreasonable [search or] seizure itself (regardless of the officer's motive or whether any injury inflicted was severe) crosses the constitutional threshold.") (quoting Lester v. City of Chicago, 830 F.2d 706, 712 (7th Cir. 1987)). The Complaint certainly states a claim that the Officers violated Crystal Anderson's rights under the Fourth Amendment. The allegations about her "mental abuse, fright and concern" would properly speak to potential damages flowing from the violation.

Finally, the Defendant Officers interpose a qualified immunity defense. A complaint will not often be dismissed for failure to state a claim on qualified immunity grounds. A qualified immunity defense depends on the facts of the particular case. Accordingly, dismissal of a claim at the pleading stage is inappropriate because a plaintiff is not required to plead facts which anticipate a defense of qualified immunity. See Jacobs v. City of Chicago, 215 F.3d 758, 765 n. 3 (7th Circ.2000). A defense of

qualified immunity is by no means foreclosed to the Defendant Officers, but consideration of that issue at this stage would be premature.

### C. CONSPIRACY

Gordon Anderson also pleads, as part of Count I, conspiracy among the City and the Officers to deprive him of his civil rights. It is unclear whether the Complaint is alleging a conspiracy under Section 1983 or Section 1985(3) or both. The Court will address both possible claims. In order to successfully state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege "(1) the existence of a conspiracy, (2) a purpose of depriving a person or class of persons of equal protection of the laws, (3) an act in furtherance of the alleged conspiracy, and (4) an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens." Majeske v. Fraternal Order of Police, Local Lodge No. 7, 94 F.3d 307, 311 (7th Cir. 1996) (citations omitted). While Plaintiff Gordon Anderson alleges elements one, three, and four, he fails to make sufficient allegations to support element number two. In support of the second element, plaintiffs must allege "'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" Id. (quoting Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993)). This, Plaintiff fails to do. Consequently, his claim under Section 1985(3) is dismissed.

Without the support of Section 1985, the conspiracy allegations do little but support the allegations of the Fourth Amendment violation. Under Section 1983, conspiring to violate someone's constitutional rights will not support relief unless the alleged conspirators followed through and violated the person's rights. The conspiracy

9

allegations in the complaint provide support for the Fourth Amendment violation, but they do not state an independent cause of action.

The conspiracy allegations against the City fail for the same reason as the allegations against the Officers, but for an additional reason as well. Once again, Monell precludes vicarious municipal liability. Monell, 436 U.S. at 691. Although plaintiffs can plead conclusory allegations in support of conspiracy counts, where they seek to assert liability against a municipality the complaint must contain more allegations than the acts of the municipality's agents. This Complaint does not support the conspiracy charge against the City.

### COUNT II

Count II of the Complaint is only between the City of Chicago and Plaintiff Gordon Anderson. Although Gordon Anderson has retained counsel since he filed his complaint, the briefs submitted by counsel are of little help in determining under what theory Court II seeks relief. Though unclear about the precise nature of the claim, the City has submitted in its briefs that it believes Count II states only a state law tort claim. Gordon Anderson, in his responsive pleading, replies to City's Motion to Dismiss Count II as though he presents a state law claim for spoliation of evidence or a state law claim for malicious prosecution. (Amend. Resp. at 10.) In short, Count II of Plaintiffs' pro se complaint is a mess. By comparison, Count I is artfully plead. To the extent that the Complaint states a wrongful prosecution claim against the City, it was addressed and dismissed above in Count I. The Court will try to decode the allegations of Count II below.

In Count II, Gordon Anderson is clearly trying to make out a legal claim against the City based on the destruction of his antique firearms in advance of trial, but it is difficult to discern Plaintiff's theory of relief. The two most plausible federal theories, based on the Complaint, would be either a takings claim, that the destruction of his property amounted to a taking without just cause or due compensation, or a due process claim, that the destruction of his property deprived him of the ability to defend himself against pending ordinance violations. From Plaintiffs' Complaint and their attorney's submissions, the Court believes that Count II of the Complaint seeks to assert a due process claim against the City based on the destruction of evidence in advance of trial. The Court reaches this conclusion based on portions of the Complaint as well as Plaintiffs' responsive pleading. The allegations of the Complaint which would support such a claim are discussed below.

In order to prevail on a due process claim for the destruction of evidence, a plaintiff must demonstrate "(1) bad faith on the part of the government; (2) that the exculpatory value of the evidence was apparent before the evidence was destroyed; and (3) that the evidence was of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." United States v. Watts, 29 F.3d 287, 290 (7th Circ.1994) (citing United States v. Aldaco 201 F.3d 979 (7th Cir.2000); California v. Trombetta, 476 U.S. 479, 485-90 (1984)).

Gordon Anderson has pled the necessary elements to support a denial of due process claim by the destruction his antique firearm collection. The Complaint alleges that the evidence was destroyed on June 8, 2000, approximately two and a half years after it was seized on January 31, 1998, but over a year and a half *before* his trial and

11

conviction on twenty counts of unregistered firearms on February 21, 2002. (Compl. Count II, ¶¶ 2, 6, 7.) The destruction of Plaintiff Gordon Anderson's firearm collection before his criminal hearing raises an inference of bad faith. Moreover, Plaintiff alleges that, if allowed that opportunity to observe the firearms, the trier of fact would have observed that they were benign. (Compl. Count II, ¶ 8.) Due to the nature of the charges brought against Plaintiff, it may have been a valid defense that the ordinance was not intended to regulate the firearms in question. Therefore, the claim that presentation of these unique firearms alone to the trier of fact would have exonerated him supports the requirement that the exculpatory value of the evidence be apparent before its destruction. Furthermore, Plaintiff maintains that the absence of the unique firearm collection as evidence impeded his ability to present a valid defense, which supports the requirement that there existed no comparable evidence available to him. (Compl. ¶ 9.) Therefore, Count II states a claim for destruction of evidence in denial of Gordon Anderson's due process rights.

## CONCLUSION

For the reasons set forth in this opinion, the Court grants in part and denies in part the City's motion to dismiss. The claims in Count I against the City are dismissed, but the claim in Count II is not dismissed. The Court also grants in part and denies in part Defendant Officers' Motion to Dismiss. The conspiracy charges against the Officers are dismissed, but the Fourth Amendment charges against the Officers are not dismissed.

**Enter:**

**David H. Coar**
**United States District Judge**

**Dated: March 31, 2003**